# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  June 15, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ARNOLD LEO COMEAU, JR., | * | |
| | * | |
| Petitioner, | * | No. 19-198V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Bradley S. Freedberg*, Bradley S. Freedberg, P.C., Denver, CO, for Petitioner.
*Emilie Williams*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES[1]

On February 4, 2019, Arnold Leo Comeau, Jr. ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] alleging that he Guillain-Barré syndrome as a result of an influenza vaccine he received on February 2, 2016. Pet. at 1. On November 25, 2020, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on November 30, 2020. (ECF No. 29).

On March 10, 2021, Petitioner filed an application for final attorneys' fees. (ECF No. 35). ("Fees App."). Petitioner requests total attorneys' fees in the amount of $18,008.50. Fees App. at 1. Petitioner did not request reimbursement for any attorneys' costs. Respondent responded to the motion on April 5, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2. (ECF No. 36).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his counsel: for Mr. Bradley Freedberg, $484.00 per hour for work performed in 2019-2021; and for Mr. Gurney Pearsall III, $350.00 per hour for work performed in 2020 and 2021. These rates require further discussion.

The 2019 rate requested for Mr. Freedberg is unreasonable because it exceeds the maximum amount prescribed by the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2019 and because it exceeds what Mr. Freedberg has previously been awarded for his work in 2019. *See Hergett v. Sec'y of Health & Human Servs.*, No. 17-2008V, 2020 WL 1080295, at *3 (Fed. Cl. Spec. Mstr. Feb. 4, 2020) (awarding Mr. Freedberg $390.00 per hour for work performed in 2019). The undersigned agrees with the reasoned analysis by the special master in *Hergett* and finds that $390.00 per hour is a reasonable hourly rate for Mr. Freedberg's 2019 work. Concerning a reasonable rate for 2020, Mr. Freedberg had approximately 30 years of experience in 2020 placing him in the range of attorneys with 20-30 years of experience on the 2020 Fee Schedule. The undersigned, in considering Mr. Freedberg's hourly rates for previous years, has noted that his rates should fall on the lower end of the range due to his relative lack of experience. *Mackey v. Sec'y of Health & Human Servs.*, No. 16-1289V, 2018 WL 3596801, at *5 (Fed. Cl. Spec. Mstr.

May 10, 2018). Since then, Mr. Freedberg has completed five Vaccine Program cases (inclusive of the instant case) and while his program experience is growing, overall the undersigned finds that a rate on the lower end of the scale is appropriate. Accordingly, the undersigned shall compensate Mr. Freedberg's 2020 work at $410.00 per hour. Similarly, an appropriate rate for his work in 2021 is $455.00 per hour. Application of these hourly rates results in a reduction of $1,768.25.[3]

Mr. Pearsall has been licensed to practice law since 2016, giving him approximately 4 years of legal experience when he began work on this case in 2020 and placing him at the bottom of the tier of attorneys with 4-7 years of experience on the OSM Fee Schedules. This appears to be Mr. Pearsall's first Vaccine Program case. However, Mr. Pearsall's requested rate of $350.00 per hour is excessive because exceeds what even the most experienced attorney in that tier could be awarded (which is $338.00 per hour). Upon review, a reasonable rate for Mr. Pearsall would be at the low end of the range because he has the lowest amount of experience for that tier and no demonstrated Vaccine Program Experience. Accordingly, a reasonable hourly rate for Mr. Pearsall in 2020 is $255.00 per hour and in 2021 is $270.00 per hour. Application of these rates results in a reduction of $2,193.25.[4]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable. However, a small reduction must be made for paralegal and administrative tasks billed at attorney hours (in this case, such tasks include faxing documents and bates stamping records). These issues are not new to Mr. Freedberg's fees motions. *See, e.g., Hergett*, 2020 WL 1080295 at *4, *Mackey,* 2020 WL 2596801 at *7. Upon review, a reduction of $500.00 is reasonable to offset the aforementioned issues. Petitioner is therefore awarded final attorneys' fees in the amount of $13,547.00.

---

[3] 2019: ($484.00 per hour requested - $390.00 per hour awarded) * 16.35 hours billed = $1,536.90.
2020: ($484.00 per hour requested - $410.00 per hour awarded) * 2.95 hours billed = $218.30.
2021: ($484.00 per hour requested - $455.00 per hour awarded) * 0.45 hours billed = $13.05.

In petitioner's motion, petitioner notes that a total of 20.25 hours were billed by Mr. Freedberg. However, in tabulating the hours necessary for the aforementioned reduction, the undersigned calculated a total of 19.75 hours billed by Mr. Freedberg. Mr. Freedberg is advised to take greater care in preparing his fees motions in the future, as discrepancies in hours billed have previously been noted by other special masters who have reviewed his fees motions. *See Hergett*, 2020 WL 1080295 at *4 ("After reviewing all documentation filed by Mr. Freedberg, multiple discrepancies have been found within the billing records.").

[4] 2020: ($350.00 per hour requested - $255.00 per hour awarded) * 21.15 hours billed = $2,009.25. 2021: ($350.00 per hour requested - $270.00 per hour awarded) * 2.3 hours billed = $184.00.

## II.      Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $18,008.50 |
|---|---|
| (Reduction to Fees) | - ($4,461.50) |
| **Total Attorneys' Fees Awarded** | **$13,547.00** |

Accordingly, the undersigned awards **a lump sum in the amount of $13,547.00, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Bradley Freedberg.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).